**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| FELIX SALMERON,<br>*on behalf of himself,*<br>*FLSA Collective Plaintiffs*<br>*and the Class,* | Case No: |
| Plaintiff, | **CLASS AND**<br>**COLLECTIVE** |
| v. | **ACTION COMPLAINT** |
| 20E FRAME INC<br>    d/b/a ETC. EATERY<br>341 FRAME INC<br>    d/b/a ETC. EATERY<br>552 FRAME INC<br>    d/b/a FRAME GOURMET EATERY<br>PYONG SU SON, ELLY KIM, and KIYOUNG KIM, | Jury Trial Demanded |
| Defendants. | |

---

Plaintiff FELIX SALMERON ("Plaintiff"), on behalf of himself and others similarly

situated, by and through his undersigned attorneys, hereby files this class and collective action

Complaint against 20E FRAME INC d/b/a ETC. EATERY, 341 FRAME INC d/b/a ETC.

EATERY, 552 FRAME INC d/b/a FRAME GOURMET EATERY (collectively referred to

herein as "Corporate Defendants"), PYONG SU SON, ELLY KIM, and KIYOUNG KIM

("Individual Defendants"; Corporate Defendants and Individual Defendants collectively referred

to herein as "Defendants") and states as follows:

**INTRODUCTION**

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) unpaid overtime wages, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) unpaid overtime wages, (3) improperly deducted meal credits, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.  Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

**PARTIES**

4.      Plaintiff, FELIX SALMERON, for all relevant time periods, was a resident of Hudson County, New Jersey.

5.      Defendants collectively own and operate two eateries under the trade name "Etc. Eatery" in New York City, located at:

(a) 20 E 46th Street, New York, NY 10017,

(b) 341-347 5th Avenue, New York, NY 10016, and

(c) 552 7th Avenue, New York, NY 10018

(collectively, the "Eateries"). The Eateries are engaged in related activities and have a common business purpose. Two of the Eateries operate under the same trade name with same logos and are advertised jointly on the websites https://www.etceatery.com/, https://www.facebook.com /ETCEateryNYC, https://www.instagram.com/etceaterynyc/, https://twitter.com/etceaterynyc. All three Eateries contain the phrase "Frame Inc" within their business names, share a common look and feel and serve similar food items. Non-exempt employees and supplies are interchangeable among the Eateries.

6.      Defendants operate the Eateries through the following Corporate Defendants:

a.   20E FRAME INC d/b/a ETC. EATERY is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 20 East 46th Street, New York, NY 10017.

b.   341 FRAME INC d/b/a ETC. EATERY is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 341-347 Fifth Avenue, New York, NY 10016.

c.   552 FRAME INC d/b/a FRAME GOURMET EATERY is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 552 Seventh Avenue, New York, NY 10018.

7.      Individual Defendant PYONG SU SON is an owner and principal of the Corporate Defendant 20E FRAME INC. Individual Defendant PYONG SU SON exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs

and the Class. Individual Defendant PYONG SU SON frequently visits each of the Eateries. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all relevant times, employees of the Eateries could complain to Individual Defendant PYONG SUN SON directly regarding any of the terms of their employment, and Individual Defendant PYONG SU SON would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant PYONG SU SON exercised functional control over the business and financial operations of Corporate Defendant 20E FRAME INC. Individual Defendant PYONG SU SON had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

8.    Individual Defendant ELLY KIM is an owner and principal of the Corporate Defendant 341 FRAME INC. Individual Defendant ELLY KIM exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Individual Defendant ELLY KIM frequently visits each of the Eateries. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, she exercised the power to (and also delegates to managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all relevant times, employees of the Eateries could complain to Individual Defendant ELLY KIM directly regarding any of the terms of their employment, and Individual Defendant ELLY KIM would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

Individual Defendant ELLY KIM exercised functional control over the business and financial operations of the Corporate Defendant 341 FRAME INC. Individual Defendant ELLY KIM had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

9.      Individual Defendant KIYOUNG KIM is an owner and principal of the Corporate Defendant 552 FRAME INC. Individual Defendant KIYOUNG KIM exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Individual Defendant KIYOUNG KIM frequently visits each of the Eateries. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, she exercised the power to (and also delegates to managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all relevant times, employees of the Eateries could complain to Individual Defendant KIYOUNG KIM directly regarding any of the terms of their employment, and Individual Defendant KIYOUNG KIM would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant KIYOUNG KIM exercised functional control over the business and financial operations of the Corporate Defendant 552 FRAME INC. Individual Defendant KIYOUNG KIM had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

10.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the Regulations thereunder.

11.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including cashiers, cooks, delivery persons, food preparers, floor persons, among others) employed by Defendants at the Eateries on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal (i) to pay them their proper wages due to time shaving and (ii) to pay them their proper overtime wages. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

14.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure

("FRCP") Rule 23, on behalf of all current and former non-exempt employees (including cashiers, cooks, delivery persons, food preparers, floor persons, among others) employed by Defendants at the Eateries on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

17.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper compensation for all hours worked, including overtime pay, due to time-shaving, (ii) failing to pay proper compensation for overtime hours, (iii) deducting an improper meal credit, (iv) failing to provide wage statements per the requirements of the NYLL, and (v) failing to properly provide wage notices to Class members, at date of hiring and annually, per the requirements of the NYLL. Defendants'

corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing

incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a.   Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

      b.   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and Class members;

      c.   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

      d.   Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

e.   Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

f.   Whether Defendants engaged in time-shaving practices by paying Plaintiff and Class members for scheduled hours only;

g.   Whether Defendants properly compensated Plaintiff and Class members their overtime premiums for all hours worked in excess of forty (40) under FLSA and NYLL;

h.   Whether Defendants claimed an invalid meal credit;

i.   Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the NYLL and applicable state laws; and

j.   Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of the NYLL and applicable state laws.

## STATEMENT OF FACTS

23.   In or around February 2019, Plaintiff FELIX SALMERON was hired by Defendants to work as a floor-man at Defendants' Etc. Eatery, located at 20 E 46th Street, New York, NY 10016. Plaintiff was employed by Defendants until in or around August 2019.

24.   At all relevant times, Plaintiff FELIX SALMERON was regularly scheduled to work Mondays to Tuesdays from 5:30am to 2:30pm and Wednesdays to Fridays from 5:30am to 3:00pm, for a total of forty-six and a half (46.5) hours per week.

25.   At all relevant times, Plaintiff FELIX SALMERON's hourly wage was fifteen dollars ($15) per hour.

26.    At all relevant times, Defendants automatically deducted one (1) hour per day from Plaintiff FELIX SALMERON for a meal break. However, at least twice per week, Plaintiff FELIX SALMERON was required to work through his one-hour meal break even though Defendants automatically deducted the one (1) hour. Because he was regularly interrupted and forced to work through his meal break, Defendants failed to compensate Plaintiff for all hours worked due to time shaving. During weeks in which his work hours exceeded forty (40) per week, such time shaved hours were overtime hours. FLSA Collective Plaintiffs and Class members worked and continue to work similar hours and are similarly deducted an automatic one hour meal break per work day even though they were not permitted a free and clear meal break. At all relevant times, Defendants failed to compensate Plaintiff, FLSA Collective Plaintiffs, and Class members their full wages for all hours worked.

27.    At all relevant times, Plaintiff FELIX SALMERON regularly worked hours in excess of forty (40) hours per week. However, Defendants only paid overtime premium for one (1) to two (2) hours of overtime hours worked, rather than properly paying overtime premium for all overtime hours worked. Defendants paid the remaining overtime hours on a straight-time basis in cash. Similarly, FLSA Collective Plaintiffs and Class members also worked similar hours that regularly exceeded forty (40) hours per week and were also only paid for one (1) to two (2) hours of overtime, with the remainder in straight-time cash.

28.    At all relevant times, Defendants claimed a $45.00 meal credit per week (or $9.00 meal credit per workday), which was deducted from Plaintiff's improperly paid wages. Notwithstanding the lack of a break to eat meals, Defendants did not satisfy the regulatory meal credit requirements because Defendants did not provide at least one item from each food group. The meals regularly failed to contain either protein, grains or potatoes, or fruits or vegetables. At

all relevant times, employees were only permitted to drink water. Class members were similarly deducted $45.00 for a meal credit even though they were not provided free and clear breaks for meals and the meals did not contain an item from each food category.

29.     Defendants failed to provide Plaintiff and the Class members with proper wage notices at hiring and annually thereafter. Plaintiff did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the NYLL.

30.     Plaintiff and Class members received wage statements that were not in compliance with the NYLL. Plaintiff and Class members received fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation. Plaintiff and Class members were paid in part by check and in part by cash.

31.     At all relevant times, Plaintiff, FLSA Collective Plaintiffs, and Class Members were required to work in excess of forty (40) hours each workweek.

32.     Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to a policy of time shaving.

33.     Defendants unlawfully failed to compensate Plaintiff, FLSA Collective Plaintiffs, and Class members their proper overtime at one and a half (1.5) the regular rate for all hours worked, resulting in unpaid overtime premium.

34.     Defendants knowingly and willfully operated their business with a policy of claiming an invalid meal credit in violation of the NYLL.

35.     Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under the NYLL.

36.     Defendants knowingly and willfully operated their business with a policy of not providing employees a proper wage notice to Plaintiff and Class members at the beginning of employment and annually thereafter, in violation of the NYLL.

37.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

38.     Plaintiff realleges and reavers Paragraphs 1 through 37 of this class and collective action Complaint as if fully set forth herein.

39.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

41.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

42.     At all relevant times, Defendant engaged in a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours in excess of forty (40), due to Defendants' policy of time-shaving.

13

43.     At all relevant times, Defendants failed to properly compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked over forty (40) hours per week at the proper overtime wage rate.

44.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

46.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

47.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime, plus an equal amount as liquidated damages.

48.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

49.     Plaintiff realleges and reavers Paragraphs 1 through 48 of this class and collective action Complaint as if fully set forth herein.

50.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§ 2 and 651.

51.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the proper wages in the lawful amount for all hours worked, including overtime hours in excess of forty (40), due to Defendants' policy of time-shaving.

52.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the proper overtime wage rates for all hour worked over forty (40) hours per week.

53.     Defendants willfully violated Plaintiff's and Class members' rights by improperly claiming a meal credit. Defendants failed to provide Plaintiff and Class members with the requisite meal options, in violation of the NYLL. Defendants also claimed meal credit for meals that Plaintiff and Class members were unable to eat due to interrupted meal breaks.

54.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees with proper wage notices, at date of hiring and annually thereafter, as required under the NYLL.

55.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their compensation for unpaid wages due to time-shaving, unpaid overtime premiums, invalid meal credit deductions, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid wages due to time-shaving due under the FLSA and the NYLL;

d.   An award of unpaid overtime premiums due under the FLSA and the NYLL;

e.   A reimbursement of improper meal credit deductions due under the NYLL;

f.   An award of statutory penalties as a result of Defendants' failure to comply with the wage notice and wage statement requirements of the NYLL;

g.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages due to time-shaving and overtime premiums pursuant to 29 U.S.C. § 216;

h.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages due to time-shaving and overtime premiums pursuant to the NYLL;

i.   An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.   Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.   Designation of this action as a class action pursuant to FRCP 23;

l.   Designation of Plaintiff as Representative of the Class; and

m.   Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 2, 2020

Respectfully submitted,
By: ___/s/ C.K. Lee_____
       C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiff and the Class*