# Lee Litigation Group, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   212-465-1188
cklee@leelitigation.com

December 14, 2020

**Via ECF**
Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007



**MEMO ENDORSED**

Re:   *Salmeron v. 20E Frame Inc d/b/a ETC. Eatery et al.*
       Case No. 1:20-cv-01813

Dear Judge Failla:

We are counsel to Plaintiff in the above-referenced matter, and write on consent of counsel for Defendants 20E Frame Inc, 341 Frame Inc, Pyong Su Son, and Elly Kim to respectfully request (1) an adjournment, *sine die*, of the Court-ordered mediation in this case; and (2) that the parties be allowed to submit a discovery schedule and proceed to discovery. Counsel for Defendants 552 Frame Inc., 424 West 33 Inc., and Kiyoung Kim do not consent to engage in discovery.

On September 17, 2020, Your Honor referred this case to mediation. Dkt. 32. The parties scheduled the mediation to take place via Zoom before Michael Levy on December 8, 2020. Although the mediation did not take place due to technical difficulties, *see* Dkt. entry for December 11, 2020, Plaintiff and Defendants 20E Frame Inc, 341 Frame Inc, Pyong Su Son, and Elly Kim agreed that it would be appropriate to engage in class discovery prior to pursuing settlement discussions. The relevant class members and time period has not been determined yet as well as whether the class would include the locations in which plaintiff was not employed.

Counsel for Defendants 552 Frame Inc., 424 West 33 Inc., and Kiyoung Kim do not consent to engage in discovery in this matter for the following reasons:

First, as conceded by the Plaintiff in his own pleadings, the Plaintiff was never employed by Defendants 552 Frame Inc., 424 West 33 Inc., and Kiyoung Kim. This is evident from the Plaintiff's First Amended Complaint, paragraphs 32 and 33, where the Plaintiff states and concedes that he was allegedly advised to seek further employment opportunities at either 552 Frame Inc. or 424 West 33 Inc., but the Plaintiff did not pursue further employment with those stores.

Second, the Plaintiff further admits and concedes that the Plaintiff's employment began at 341 Frame Inc. and ended at 20E Frame Inc.

Finally, because the Plaintiff was never employed by Defendants 552 Frame Inc., 424 West 33 Inc., and Kiyoung Kim, it is apparent that there are no employment records of the Plaintiff with them. Plaintiff's identity was unknown to the Defendants until they were served with the pleadings in this action. Without any employment records in place, it would be impossible for the Defendants 552 Frame Inc., 424 West 33 Inc., and Kiyoung Kim to engage in discovery in this matter.

Based on this, on November 30, 2020, Defendants 552 Frame Inc., 424 West 33 Inc., and Kiyoung Kim served their Rule 11 Safe Harbor Letter upon the Plaintiff. Upon expiration of the Safe Harbor time period, Defendants 552 Frame Inc., 424 West 33 Inc., and Kiyoung Kim intend to submit a Pre-Motion Conference Letter to the Court, as mandated by Paragraph 4(A) of Your Honor's Individual Rules of Practice in Civil Cases, to request a Pre-Motion Conference for the Defendants' anticipated Motion for Sanctions. Defendants 552 Frame Inc., 424 West 33 Inc., and Kiyoung Kim intend to move for sanctions against the Plaintiff and his counsel in this matter.

In response to the foregoing, Plaintiff maintains his allegations as set forth in the First Amended Complaint, Dkt. 35, which alleges that all of the named Defendants in this matter operate all four (4) gourmet eateries as a common enterprise. In relevant part, Plaintiff alleged that "[i]n addition to the Eateries' addresses being in close proximity to one another, non-exempt employees and supplies are interchangeable among the Eateries. In fact, Plaintiff's employment began at 341 FRAME and ended at 20E FRAME; in addition, and upon his termination, one of Plaintiff's supervisors at 20E FRAME directly advised him to pursue further work opportunities with Defendants at either 424 FRAME or 552 FRAME." FAC ¶ 7.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF

The application of Plaintiff and Defendants 20E Frame Inc, 341 Frame Inc, Pyong Su Son, and Elly Kim to adjourn mediation *sine die* is GRANTED.  The Court ORDERS as follows:

- The deadline for Defendants 552 Frame Inc., 424 West 33 Inc., and Kiyoung Kim to answer, move, or otherwise respond to the Complaint remains **December 18, 2020.**

- Plaintiff may withdraw or correct his pleading if he so desires on or before **December 21, 2020.**

- Defendants 552 Frame Inc., 424 West 33 Inc., and Kiyoung Kim shall submit their pre-motion letter on or before **December 30, 2020.**

- Plaintiff and Defendants 20E Frame Inc, 341 Frame Inc, Pyong Su Son, and Elly Kim shall submit a proposed Civil Case Management Plan and Scheduling Order on or before **January 5, 2021.**

Dated:   December 15, 2020
        New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE